## UNSWORN DECLARATION
## IN SUPPORT OF FORFEITURE COMPLAINT

### INTRODUCTION

I José L. Rosario, being first duly sworn, hereby depose and state as follows:

1. Your affiant is a Special Agent with the Federal Bureau of Investigation (FBI) assigned to the San Juan Field Office. As such, your affiant is an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrest for, offenses enumerated in 18 U.S.C.

2. Your affiant has been a Special Agent with the FBI since March 2017. I am currently assigned to the San Juan (SJ) Field Office with the Safe Streets Task Force (SJSSTF). Our investigations are focused on street level gangs and criminal organizations operating within Puerto Rico. Offenses frequently encountered include narcotics distribution, firearms offenses, extortion, murder, etc. My duties include handling informants, cooperating defendants, intelligence analysis, surveillance and arrest operations, source payments, multi-agency case coordination/de-confliction/liaison, conducting interviews and interrogations. My collateral duty is as a member with the FBI Crisis Negotiator.

3. This Unsworn Declaration is submitted in support of a verified complaint of forfeiture, which involves the offenses detailed in 18 U.S.C. §§1962(d), 1951, and 924(c), particularly all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished traceable to such violations, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any

1

violation of this subchapter. Therefore, I have not set forth each and every fact learned during the course of this investigation.

## PROPERTY TO BE FORFEITED

## $6,000 IN UNITED STATES CURRENCY

## BASIS FOR FACTS CONTAINED IN THIS UNSWORN DECLARATION

4. The information in this affidavit is based upon my personal knowledge, as well as on information that I have received from witnesses and other law enforcement sources. Because this affidavit is made for the limited purpose of establishing probable cause for the complaint, I have not recited each and every fact known to me as a result of the investigation. As a result of my participation in this investigation, conversations and reports made by other SAs, Police of Puerto Rico (POPR) Officers, FBI Task Force Officers (TFOs), witnesses and other concerned parties; I am familiar with the circumstances of the offenses described in this affidavit. On the basis of this familiarity, I allege that the facts show that:

5. FBI San Juan Safe Streets Task Force was investigating the criminal activities of the Vista Hermosa Violent Gang (VHVG). According to the investigation, VHVG was responsible for operating drug distribution points in the San Juan, Puerto Rico metropolitan area including drug points in Public Housing Public (PHP) Vista Hermosa. The aforementioned criminal activities were in violation of 21 U.S.C. §§ 841(a)(1)(b)(1)(A), 846 and 860; possession of controlled substances with intent to distribute; and of 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime. The VHVG was expanding its "turf" by violently overtaking public housing projects in the San Juan, Puerto Rico, metropolitan area and by joining forces

2

with leaders of other public housing projects in the San Juan, Puerto Rico area, including PHP Luis Llorens Torres.

6. According to the investigation, VHVG followed a common organizational structure consisting of leaders, administrators, suppliers, drug point owners, enforcers, runners, sellers, lookouts, and other facilitators. VHVG was involved in the distribution of Cocaine, Crack, Heroin, Marijuana, Prescription Narcotics, and firearms. VHVG had also shipped kilograms of Cocaine (powder) to the United States via the United States Postal Service (USPS). According to information provided by credible Confidential Human Sources (CHS) and Cooperating Witnesses, Hector Santiago-Medina (Santiago-Medina), aka "Gordo Casco", who is known as the main leader of VHVG, regularly carried firearms, drugs, and drug proceeds in his fanny pack.

7. Santiago-Medina has a consensual relationship with Keyshla Michelle Rodriguez-Acevedo (Rodriguez-Acevedo). The information obtained, Santiago-Medina and Rodriguez-Acevedo are not legally married, but they live together and have a daughter. Furthermore, both Santiago-Medina and Rodriguez-Acevedo are beneficiaries of Housing and Urban Development Program named Section 8 (Housing choice voucher program), and the Assistance Nutritional Program (PAN), which they requested based on their low income.

8. A review of Rodriguez-Acevedo's and Santiago-Medina's tax records with the Puerto Rico Department of Treasury revealed neither have never file tax returns nor have reported income payment in W-2, nor professional services. They do not have a registered business either.

9. On March 26, 2022, as the execution of a state search warrant taking place at "El

Bunker" located in Cundiamor St., PHP Luis Llorens Torres, San Juan, PR; Santiago-Medina was temporally detained by a Police Officer (POPR), because he was fleeing the scene. He stated that when he saw the Police (POPR), he then decided to take a closer look of what was going on. Santiago-Medina had a male purse crossing his chest. When asked how much money he had inside his purse, he stated approximately from $5,000-$6,000. When asked where the money came from, Rodriguez-Acevedo, who was close to the scene, said it was proceeds of a sale of a motorcycle. Further Santiago-Medina added the money was for a family vacation to Orlando and that his probation officer was aware of the vacation. Santiago-Medina said he felt harassed by the agents, to which the agents explained he was present at a suspected drug point where a state search warrant was being executed. Santiago-Medina was not arrested. Rodriguez-Acevedo was not detained or arrested, but she was close to the scene.

10. Santiago-Medina violated his supervised release condition number eight that states: "You must not communicate or interact with someone you know is engaged in criminal activity". The area was a known drug point, where Agents seized 11 illegal firearms. *See* USA v. Héctor Luis Santiago-Medina, Criminal No. 16-239 (JAG).

11. $6,000.00 in U.S. currency were seized from Santiago-Medina's person on March 26, 2022.

12. According to Transportation Department of Puerto Rico data base, neither Santiago-Medina nor Rodriguez-Acevedo had a motorcycle registered under their names.

13. On May 17, 2022, a Federal Grand Jury returned an Indictment on 41 defendants, to include Santiago-Medina and Rodriguez-Acevedo.

14. Santiago-Medina as well Rodriguez-Acevedo were indicted for violations to 21 U.S.C.

§§ 841(a), 846, and 860; and 18 U.S.C. § 2, 924 (c), and 1956. Narcotics and Firearms and Ammunition Forfeiture allegations were included pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure. On April 20, 2023, a Bill of Particulars was filed alleging that the $6,000.00 in United States currency seized from Santiago-Medina on March 26, 2023, is subject to forfeiture on the basis of the forfeiture allegations set forth in the Indictment. *See* USA v. Cotto-Cruz et al. ECF Nos. 3, Criminal No. 22-213 (ADC), (Indictment) and 479 (Bill of Particulars).

Based on the facts, I believe that sufficient probable cause exists to show there is present material evidence of a commission of a violation of a Federal Law. There is probable cause to believe that the $6,000.00 in U.S. currency constitutes proceeds from illegal drug trafficking as specified unlawful activity and should be forfeited pursuant to 18 U.S.C. 981(a)(1)(A) and (C).

Sworn and signed under penalty of perjury, pursuant to 28 U.S.C. § 1746, in San Juan, Puerto Rico this 10th of May 2023.

José L. Rosario, Special Agent
Federal Bureau of Investigation

5